# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ROBERT MCNALLY,

      PLAINTIFF,

                                            CASE NO.:

vs.

THE ROOF DEPOT, INC., A
FOREIGN PROFIT CORPORATION,

      DEFENDANT.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROBERT MCNALLY ("Mr. McNally" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, THE ROOF DEPOT, INC. ("Defendant" or "RD") and alleges the following:

1. Plaintiff brings these claims for age discrimination against Defendant for its disparate treatment and unlawful termination of Plaintiff based upon his age in violation the ADEA, Section 29 U.S.C. Section 626 (b) & (c), and 29 U.S.C. Section 623(a)(1), and the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA").

## VENUE AND JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. Section 1331 as they arise under federal law, and supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as the ADEA claims.

3. Plaintiff is, and at all times material was, a resident of Volusia County, Florida, and worked for Defendant in Seminole County, Florida.

4. Venue is proper in the Orlando Division of the Middle District of Florida.

**CONDITIONS PRECEDENT**

5. Plaintiff timely filed a Charge of Discrimination with the EEOC and the FCHR in January 2018.

6. Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter, and became ripe under the FCRA one-hundred and eighty (180) days from the date Plaintiff filed his Charge of Discrimination.

7. Neither the ADEA nor the FCRA require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

8. In April 2019, Plaintiff received a "Letter of Determination" from the EEOC in which the EEOC stated that it "determined that the evidence obtained during the investigation establishes there is Reasonable Cause to believe that [Defendant] discriminated against [Plaintiff] because of his age, 76, by subjecting him to different terms and conditions of employment in violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA)."

9. Plaintiff has satisfied all conditions precedent to this matter and his claims are timely.

**EMPLOYER DEFINITIONS UNDER THE ADEA**

10. Plaintiff worked for Defendant from August 14, 2017, through December 15, 2017.

11. Defendant was an employer as defined by the ADEA and the FCRA

12. At all times relevant, Defendant employed in excess of fifty (50) or more employees.

## STATEMENT OF FACTS

13. At all times material, Plaintiff was a seventy-six (76) year old man who worked for Defendant.

14. Plaintiff was hired by Defendant's management in Georgia, to work for Defendant in Seminole County, Florida.

15. Defendant's management in Georgia that hired Plaintiff, were not the same members of management to whom Plaintiff reported during his employment in Florida ("the Florida management team").

16. Upon his arrival to work in Florida, the Florida management team were surprised and dismayed at Plaintiff's age, and endeavored to discriminate against him by treating him in a negative and disparate manner as compared to his younger counterparts.

17. During his tenure, Mr. McNally was, by all accounts, an exceptional employee with no history of attendance, disciplinary, or performance issues.

18. During Plaintiff's employment, and unbeknownst to him until after his termination, the Florida management team made discriminatory and offensive comments about Plaintiff regarding his age.

19. The Florida management team likewise and outwardly expressed its intention to terminate Plaintiff's employment based on his age during management meetings.

20. To effectuate this discrimination and termination of Plaintiff based on his age, the Florida management team refused to provide Plaintiff with the appropriate training, guidance, personnel or tools to perform his job duties as a Project Manager for Defendant.

21. To the contrary, the Florida management team provided Plaintiff's younger

counterparts with the appropriate training, guidance, personnel and tools to perform their jobs for Defendant.

22. On December 15, 2017, the Florida management team, without warning or prior disciplinary action against Plaintiff, terminated his employment, claiming "that things were not working."

23. Upon information and belief, the person who replaced Plaintiff, and assumed his job responsibilities and duties following his termination was substantially younger than Plaintiff.

24. Plaintiff was fired for no reason other than his advanced age.

25. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for a younger, less qualified employee.

26. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

27. But for Plaintiff's age, Defendant would not have terminated his employment.

28. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

## COUNT I- VIOLATION OF THE ADEA

29. Plaintiff realleges and readopts the allegations contained in paragraphs 1-28 of the Complaint, as if fully set forth in this Count.

30. Plaintiff was over forty (40) years old when he was terminated.

31. Plaintiff was not terminated for cause.

32. Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

4

33. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

34. Upon information and belief, Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

35. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

36. Defendant's termination of Plaintiff was willful and intentional, and constitutes a reckless disregard for Plaintiff's rights against age discrimination.

37. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

38. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

## **REQUEST FOR RELIEF- COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

39. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

40. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

41. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

42. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

43. Provide any additional relief that this Court deems just.

## **COUNT II – VIOLATION OF THE FCRA**

44. Plaintiff realleges and adopts the allegations contained in paragraphs 1-28, as if fully set forth in this Count.

45. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

46. The discrimination to which Plaintiff was subjected was based on his age.

47. Plaintiff was fired only because of his age, and would not have been fired, but for his age.

48. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

51. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

52. Issue a declaratory judgment that the discrimination against Plaintiff by

Defendant was a violation of Plaintiff's rights under the FCRA;

53. Requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

54. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to wage loss, compensatory and punitive damages;

55. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT; and

56. Provide any additional relief that this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 13th day of June, 2019.

        Respectfully submitted,

        ***/s/Richard D. Guadagnolo***
        Richard D. Guadagnolo, Esq.
        Florida Bar No.109104
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. State Road 84, Suite 103
        Davie, FL 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail:
        **rich@floridaovertimelawyer.com**
        E-Mail:
        **noah@floridaovertimelawyer.com**

        *Trial Counsel for Plaintiff*